WILLIAMS (GIBSON v.). See Case No. 5,-403.

WILLIAMS (GROVER & BAKER SEWING MACH. CO. v.). See Case No. 5,847.

WILLIAMS (HOFFMAN v.). See Case No. 6,579.

## Case No. 17,721.

WILLIAMS v. The HOPE.

[1 Pet. Adm. 138.] [1]

District Court, D. Pennsylvania. 1798.

SEAMAN'S WAGES—ILLNESS IN FOREIGN PORT.

A seaman was left sick at a foreign port, and recovered. He might have rejoined the ship, but would not; and claimed wages for the voyage, which were refused, and only allowed until the time when he might have rejoined.

John Williams, a seaman, was left sick in a foreign port and recovered. The ship, on a circuitous voyage touched at a port, where the seaman also came on his way home; being one of the crew of another vessel. He could there have rejoined his ship, but refused, because, as he alleged, the ship had her complement of men. Wages were claimed for the voyage, which the court would not grant; but decreed payment to the time the sailor had it in his power to re-enter under his original contract, deducting what he had earned after his recovery from sickness, and until that period.

See the case of Bordman v. The Elizabeth [Case No. 1,657], in which the principles adopted by the court in cases nearly resembling the present, are fully explained. Thompson v. The Catharina [Id. 13,949].

## Case No. 17,722.

WILLIAMS v. HOPKINS.

[2 Cranch, C. C. 98.] [2]

Circuit Court, District of Columbia. April Term, 1814.

ASSUMPSIT FOR COSTS OF APPEAL.

Assumpsit will not lie for the costs of appeal, against the person for whose use the appeal was prosecuted, and for whose use it was entered upon the record of the court of appeals; and a transcript of the record is not admissible evidence to support the action.

The suit in equity of Hodgson, for the use of Hopkins, v. Williams and Clark, was carried up by the plaintiff to the court of appeals of Maryland, where the plaintiff failed to prosecute his appeal with effect. Williams and Clark brought the present action of assumpsit against Hopkins, for whose use the appeal was prosecuted, to recover 94 dollars and 1⅛ cent costs on the appeal.

E. J. Lee, for plaintiff, offered in evidence a transcript of the record of the court of appeals in the suit of Hodgson, for the use of Hopkins, v. Williams and Clark.

C. Lee, for defendant, objected, that the rec-

ord contained no evidence of any obligation or promise of the defendant to pay. There must be a promise in writing, for it is the debt of another. The act of Maryland of, 1796, c. 43, § 13, applies only to actions at law, not to suits in equity; and if it did, the remedy must be by attachment, as provided by the statute; or, if it has become a debt of record, the remedy is by an action of debt. The assumpsit is merged in the higher remedy.

E. J. Lee, in reply. The record is admissible to prove that the suit was prosecuted for the benefit of Hopkins. The remedy by attachment prescribed by the Maryland statute, is only cumulative. That statute did not create a new obligation, and if it did, it is applicable only to actions at common law, originally "instituted" for the use of a third person.

THE COURT (THRUSTON, Circuit Judge, absent) rejected the transcript of the record as evidence.

WILLIAMS (HOWE v.). See Case No. 6,778.

WILLIAMS (HURD v.). See Case No. 6,918.

## Case No. 17,723.

WILLIAMS et al. v. The JENNY LIND.

[Newb. 443.] [1]

District Court, E. D. Louisiana. Nov., 1853.

ADMIRALTY JURISDICTION — INTERIOR RIVERS — SALVAGE CONTRACTS—COMPENSATION.

1. Since the decision of the supreme court of the United States, in the case of The Genesee Chief v. Fitzhugh, 12 How. [53 U. S. 443], the admiralty jurisdiction has been considered as fully established on the Mississippi river, and all other rivers as far as they are navigable from the ocean, for vessels of ten or more tons burden.

2. The establishment of such a jurisdiction, necessarily carries with it all its incidents. Salvage services are as much the subject of admiralty jurisdiction, as damages arising from collisions or other maritime torts.
[Cited in Seven Coal Barges, Case No. 12,677.]

3. The stipulations of a written contract will be recognized no further in a court of admiralty charged with a case of salvage, than they accord with the opinion of the court in the exercise of a sound discretion.
[Cited in Chapman v. The Engines of The Greenpoint, 38 Fed. 672.]

4. This court as a court of admiralty, cannot be called upon to enforce a specific performance of such a contract, though such a contract may and often does form a fair and equitable criterion in fixing the quantum of salvage compensation.
[Cited in The Silver Spray, Case No. 12,857.]

[This was a libel for salvage by Joseph Williams and others against the barge Jenny Lind.]

J. W. Price, for libelants.
Duncan & McConnell, for respondent.

McCALEB, District Judge. This is a claim for salvage compensation for services ren-

---

[1] [Reported by Richard Peters, Jr., Esq.]
[2] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by John S. Newberry, Esq.]